**STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

**PRISCILLA HELDT**, an individual,

       Plaintiff,

v.

**POCO, INC.**, a Michigan profit corporation,
**MURRAY POWELSON, JR.**, and **MARTIN
POWELSON**, individuals and officers,

       Defendants.

**Case No. 06-12114**
Hon. Paul D. Borman
Mag. Judge. Capel

---

| | |
|---|---|
| **DAVID M. BLANCHARD (P67190)**<br>**ANGELA L. WALKER (P67625)**<br>**Nacht & Associates, P.C.**<br>**Attorneys for Plaintiff**<br>101 N. Main Street, Suite 555<br>Ann Arbor, Michigan 48104<br>Tel:  (734) 663-7550<br>Fax:  (734) 663-7592<br>Email:  dblanchard@nachtlaw.com<br>Email:  awalker@nachtlaw.com | **A. STUART TOMPKINS (P23070)**<br>**SHERI B. CATALDO (P39276)**<br>**Sullivan, Ward, Asher & Patton, P.C.**<br>**Attorneys for Defendants**<br>1000 Maccabees Center<br>25800 Northwestern Highway<br>Southfield, Michigan 48075-1000<br>Tel:  (248) 746-0700<br>Fax:  (248) 746-2760<br>Email:  stompkins@swappc.com<br>      Email:  scataldo@swappc.com |

---

## STIPULATED PROTECTIVE ORDER

      At a session of said Court, held in the U.S. Courthouse, Federal Building,
City of Detroit, State of Michigan on _July 10, 2006.

          PRESENT:  HON. PAUL D. BORMAN
               U.S. District Court Judge

      Pursuant to the Court's authority under FRCP 26(c), and upon the stipulation of

the parties (hereafter "Parties"), the Court finds that there is good reason to expedite the

flow of discovery material, facilitate the prompt resolution of disputes concerning confidentiality, provide adequate protection for material entitled to be kept confidential, and ensure that protection is afforded only to material so entitled.  Accordingly,

**NOW, THEREFORE, IT IS HEREBY ORDERED** that:

1.      Confidential Documents.    The following shall be designated as "Confidential Documents":

   A.      Except with the prior written consent of the Party or other person originally designating a document to be stamped as a Confidential Document, or as otherwise provided under this Protective Order, no Confidential Document may be disclosed to any person.

   B.      A "Confidential Document" means (i) any personal medical record, or (ii) any document, or copy thereof, which bears the legend (or which shall otherwise have had the legend recorded upon it in a way that brings it to the attention of a reasonable examiner) "**Confidential – Subject to Protective Order in Civil Action No. 06-12114, United States District Court for the Eastern District of Michigan**" to signify that it contains information believed to be subject to protection under FRCP 26.   For purposes of this Protective Order, the term "document" means any document within the meaning of FRCP 26, including, but not limited to:  Plaintiff's medical records and psychological evaluations produced in connection with this matter;

C.     The term "Party" as utilized in this Protective Order is defined to include a named Party to this litigation or their employees, officers, directors, in-house counsel, and senior management, to the extent reasonably necessary to assist in preparing and monitoring this litigation.

2.     **Permissible Disclosures.**   Notwithstanding Paragraph 1, Confidential Documents may be disclosed:  (i) to counsel for the Parties in the action who are actively engaged in the conduct of this litigation; (ii) to the Partners, counsel, associates, secretaries, paralegal assistants, and employees of such attorneys to the extent reasonably necessary to render professional services in the litigation; (iii) to the Court, jury, and other court officials involved in this litigation (including court reporters, persons operating video recording equipment at depositions, and any special master appointed by the court); and (iv) to persons with prior knowledge of the documents or the confidential information contained therein, and their agents.  Subject to the provisions of Paragraph (3), such documents may also be disclosed:

A.     to any person designated by the Court in the interest of justice, upon such terms as the Court may deem proper;

B.     to persons noticed for depositions or designated as trial witnesses to the extent reasonably necessary in preparing to testify;

C.     to outside consultants or experts retained for the purpose of consulting with or assisting counsel for any Party in this litigation; and

W0472822/POC-117084/SBC/kb

3

      **D.**     to any other person whom counsel for the Parties agree in writing should have access to such Confidential Documents.

Nothing in this Protective Order shall impose any restrictions on the use or disclosure by, or to, any Party or person of documents, material, or information obtained by a Party independently of discovery proceedings in this litigation, whether or not such documents, material, or information are also obtained through discovery proceedings in this litigation.

      **3.**    **Acknowledgment and Consent to Personal Jurisdiction.**  Unless otherwise agreed to by counsel for the Parties, before disclosing Confidential Documents to any person in subparagraphs (B) through (D) of Paragraph 2 above, counsel for the Party making such disclosure shall provide each such person with a copy of this Protective Order.  Each such person shall agree to the terms of this Protective Order and shall agree to subject themselves to the personal jurisdiction of this Court before receiving Confidential Documents and shall execute an "Acknowledgement and Consent to Personal Jurisdiction" (the "Acknowledgement") in the form attached as Exhibit A.   The original executed Acknowledgment shall be retained by counsel for the Party disclosing the Confidential Document to such person. Counsel, within a reasonable time after obtaining said Acknowledgment, shall deliver a copy of said Acknowledgment to the Court under seal (said Acknowledgment shall be delivered in a sealed envelope to the Court, with a title of the court and cause and legend, "Delivered under seal pursuant to a Protective Order dated _____.") The Court shall not divulge the Acknowledgment to any Party without a separate court order, after appropriate motion, notice and hearing; provided, however, that in the event

that an Acknowledgment is obtained from an expert who has been retained or specially employed by a Party, which expert is not expected to testify at trial in this matter, such Acknowledgment shall be retained by that Party's counsel and shall be provided to counsel for other Parties within thirty (30) days of the termination of this litigation or as permitted or required under the federal court rules.  This litigation shall terminate upon the entry of judgment or dispositive or final order of this or any appellate court as to all Parties or upon the expiration of the time for appeal as of right of any judgment or final order of this or any appellate court, whichever is latter.  A Party need not comply with the provisions of Paragraph 3 when it discloses Confidential Documents that it, and not any other Party or person, has designated as Confidential Documents to those individuals set forth in subparagraphs (B) through (D) or Paragraph 2 above.

4.    **Declassification.**    A Party or other person or entity aggrieved by designation of Confidential Documents may apply to the Court for a ruling that such designation be removed.  The Party or other person that made such designation shall be given notice of the application and an opportunity to respond.  To maintain confidential status, the proponent of confidentiality may show by a preponderance of the evidence that there is good cause for the document or material to have such protection consistent with FRCP 26.  This Protective Order shall apply to the document or material stamped as confidential until the matter is resolved by the Court or by agreement of the Parties.

5.    **Confidential Documents in Depositions.**    Use of Confidential Documents in the deposition of any witness shall be in compliance with Paragraphs 2 and 3 above.  Whenever Confidential Documents are to be disclosed in a deposition,

the Party or person claiming confidentiality shall state, on the record, that the use of such Confidential Documents is subject to the terms of this Protective Order and that the witness and his or her counsel are bound by the terms of this Protective Order. If any person present at a deposition, including but not limited to any deponent(s), does not agree to observe such terms, the Party or person claiming confidentiality may require that such person be excluded from the deposition while Confidential Documents or the contents thereof are revealed or otherwise visible during the deposition.

Parties and persons, including deponents, may within 14 days after receiving deposition transcripts and exhibits designate portions of such deposition transcripts and exhibits as Confidential Documents by underlining the portions of the pages that are confidential and marking such pages with the following legend: "**Confidential – Subject to Protective Order in Civil Action No. 06-12114, United States District Court for the Eastern District of Michigan**." Until the expiration of the 14-day period, the entire deposition transcript and exhibits shall be protected against disclosure under this Protective Order. If a timely designation is made, the confidential portions of the transcript and exhibits shall be filed under separate seal from the portions and exhibits not so designated. If no Party or person designates within 30 days of receipt of the deposition transcript as confidential, then the transcript and its exhibits shall not be subject to the provisions of this Protective Order, if, through inadvertence, a Party or person unintentionally fails to timely designate a deposition transcript or exhibits thereto as Confidential Documents, that Party or person must, upon discovery of such failure, promptly act to designate the document pursuant to Paragraph 1(b).

6.      **Confidential Information at Trial.**   Subject to the Federal Rules of Evidence, Confidential Documents and other confidential information may be offered in evidence at trial or any court hearing, provided that the proponent of the evidence gives five days advance notice to counsel for any Party or other person that designated the information as confidential.   Any Party may move the Court for an order that the evidence be received *in camera* or under other conditions to prevent unnecessary disclosure.   The Court will then determine whether the proffered evidence should continue to be treated as confidential information, and if so, what protection, if any, may be afforded to such information at the trial.   Nothing in this Protective Order shall prevent or otherwise restrict any Party from objecting, before or during trial, to the admissibility under the Federal Rules of Evidence of any Confidential Document.

7.      **Subpoena By Other Courts Or Agencies.**  If a court or an administrative agency subpoenas or orders production of Confidential Documents, and the Party receiving the subpoena or order is given 10 or more days after actual delivery to comply with the subpoena or order to produce the requested  documents, the Party or person receiving such subpoena or order shall give the proponent of confidentiality for those Confidential Documents at least ten days notice of the subpoena or order prior to compliance with the subpoena or order.

If a court or an administrative agency subpoenas or orders production of Confidential Documents, and the Party receiving the subpoena or order is given less than 10 days to comply with the subpoena or order to produce the requested documents, the Party or person receiving the order or subpoena shall inform the court or agency that has subpoenaed or ordered production of the Confidential Documents

that the Confidential Documents are subject to this Protective Order and the recipient of the subpoena or court order must provide the proponent of confidentiality for those documents with notice of the subpoena or order prior to the production of those Confidential Documents in order to allow the proponent of confidentiality an opportunity to file objections, if any, to production of those Confidential Documents.

8.    **Filing.**  Confidential Documents shall not be filed with the Clerk of the Court, except when required in connection with motions under the federal court rules, or other matters pending before the court.  If filed, such Confidential Documents shall be filed under seal and shall remain sealed while in the office of the Clerk as long as they retain their status as Confidential Documents under the provisions of this Protective Order.

9.    **Client Consultation.**  Nothing in this Protective Order shall prevent or otherwise restrict counsel from rendering advice to their clients and, in the course thereof, relying generally on examination of Confidential Documents; provided, however, that in rendering such advice and otherwise communicating with such clients, counsel shall not make specific disclosure of any item so designated or the contents thereof except pursuant to the procedures of Paragraphs 2 and 3 or otherwise provided in this Protective Order.

10.    **Use.**  Except as provided otherwise herein, persons obtaining access to Confidential Documents under this Protective Order shall use the information only for preparation and trial of this litigation (including appeals and retrials), and shall not use such information for any other purpose, including without limitation, business, governmental, commercial, administrative, or judicial purposes or proceedings.

**11.    Non-Termination.**   The provisions of this Protective Order shall not terminate at the conclusion of this litigation unless expressly released by the Court or with the express consent of the Party or person which made the designation of Confidential Documents pursuant to the provisions of this Protective Order.  Within 90 days after final conclusion of this litigation, Confidential Documents and all copies of same (other than exhibits of record) shall be returned to the Party or person that produced such documents or, at the option of the producer (if it retains at least one copy of the same), destroyed.  All counsel of record shall make certification of compliance herewith and shall deliver the same to counsel for the Party who produced the documents not more than 120 days after final termination of this litigation.

**12.    Modification Permitted.**   Nothing in this Protective Order shall prevent any Party or other person from seeking modification, extension, or limitation of this Protective Order or from objecting to discovery that it believes to be otherwise improper.

**13.    Responsibility of Attorneys.**  The attorneys of record are responsible for employing reasonable measures, consistent with this Protective Order, to obtain and maintain any Acknowledgment required under Paragraph 3 and to control duplication of, access to, and distribution of copies of Confidential Documents.  Parties shall not duplicate any Confidential Documents except working copies and for filing in Court under seal.

**14.    No Waiver.**  Review of the Confidential Documents and information by counsel, experts, or consultants for the litigants in the litigation shall not waive the confidentiality of the documents or objections to production.   The inadvertent, unintentional, or *in camera* disclosure of Confidential Documents and information shall

not, under any circumstances, be deemed a waiver, in whole or in Part, of any Party's claims of confidentiality, unless otherwise determined by the Court.  Nothing contained in this Protective Order and no action taken pursuant to it shall prejudice the right of any Party to contest the alleged relevancy, admissibility, or discoverability of the Confidential Documents and information sought.

**SO ORDERED.**

07/10/2006                                      s/PAUL D. BORMAN
_____        _____
Dated                                              U.S. District Court

**Stipulated and agreed:**


**Nacht & Associates, P.C.**                **Sullivan, Ward, Asher & Patton, P.C.**


**s/Angela L. Walker w/permission**        **s/Sheri B. Cataldo**
_____        _____
**DAVID M. BLANCHARD (P67190)**        **A. STUART TOMPKINS (P23070)**
**ANGELA L. WALKER (P67625)**          **SHERI B. CATALDO (P39276)**
**Attorneys for Plaintiff**                    **Attorneys for Defendants**
101 N. Main Street, Suite 555               1000 Maccabees Center
Ann Arbor, Michigan 48104                   25800 Northwestern Highway
Tel:  (734) 663-7550                          Southfield, Michigan 48075-1000
Fax:  (734) 663-7592                          Tel:  (248) 746-0700
Email:  dblanchard@nachtlaw.com            Fax:  (248) 746-2760
Email:  awalker@nachtlaw.com               Email:  stompkins@swappc.com
                                            Email:  scataldo@swappc.com

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

**PRISCILLA HELDT**, an individual,

              Plaintiff,                                **Case No. 06-12114**
                                                            Hon. Paul D. Borman

v.                                            Mag. Judge. Capel

**POCO, INC.**, a Michigan profit corporation,
**MURRAY POWELSON, JR.**, and **MARTIN**
**POWELSON**, individuals and officers,

              Defendants.

---

**DAVID M. BLANCHARD (P67190)**
**ANGELA L. WALKER (P67625)**
**Nacht & Associates, P.C.**
**Attorneys for Plaintiff**
101 N. Main Street, Suite 555
Ann Arbor, Michigan 48104
Tel:  (734) 663-7550
Fax:  (734) 663-7592
Email:  dblanchard@nachtlaw.com
Email:  awalker@nachtlaw.com

**A. STUART TOMPKINS (P23070)**
**SHERI B. CATALDO (P39276)**
**Sullivan, Ward, Asher & Patton, P.C.**
**Attorneys for Defendants**
1000 Maccabees Center
25800 Northwestern Highway
Southfield, Michigan 48075-1000
Tel:  (248) 746-0700
Fax:  (248) 746-2760
Email:  stompkins@swappc.com
           Email:  scataldo@swappc.com

---

## ACKNOWLEDGEMENT AND CONSENT TO PERSONAL JURISDICTION

     1.     My name is _____.  I live at

_____.  I am employed as

_____ (state title, name and address of

employer).

     2.     I have received and read a copy of the Protective Order entered in this

case and attached as Exhibit 1.

3.      I expressly  state that I will use the documents and information designated as Confidential Documents in this case only as permitted and set forth in the Protective Order attached as Exhibit 1.  Further, I will not discuss or disclose such Confidential Documents or information, except as provided in the Protective Order.

4.      I understand that any other use of the Confidential Documents or information contained therein may subject me to penalty, including sanctions and/or contempt of Court.

5.      I agree, when this case is concluded, to return all Confidential Documents and any copies thereof to counsel for the Party who furnished the documents or information to me.

6.      For purposes of enforcement of the Protective Order, I expressly acknowledge and consent to the personal jurisdiction of this Court.

7.      I state under penalty of perjury that the foregoing is true, accurate and correct.


_____

Subscribed and sworn before me this
_____ day of _____, 2006.

_____
**NOTARY PUBLIC**
_____, County, MI
My commission expires:_____
Acting in:_____